IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON, | |
|     Plaintiff, | No. CIV S-10-2019 KJM-GGH |
|   vs. | |
| LACK FAMILY INVESTMENTS, LP, | |
|     Defendant. / | |
| SCOTT N. JOHNSON, | |
|     Plaintiff, | No. CIV S-11-0003 KJM-GGH |
|   vs. | |
| LACK FAMILY INVESTMENTS, LP, | |
|     Defendant. / | |
| SCOTT N. JOHNSON, | |
|     Plaintiff, | No. CIV S-11-0897 JAM-JFM |
|   vs. | |
| LACK FAMILY INVESTMENTS, LP, | |
|     Defendant. / | <u>RELATED CASE ORDER</u> |

1 Examination of the above-captioned actions reveals that they are related within
2 the meaning of Local Rule 123(a). All three actions involve the same parties and similar
3 questions of fact. Accordingly, the assignment of these matters to the same judge is likely to
4 effect a substantial savings of judicial effort and is likely to be convenient for the parties.

5 The parties should be aware that relating cases under Rule 123 causes the actions
6 to be assigned to the same judge – it does not consolidate the actions. Under Rule 123, related
7 cases are generally assigned to the judge and magistrate judge to whom the first filed action was
8 assigned.

9 As a result, it is hereby ORDERED that CIV S-11-0897 JAM-JFM, is reassigned
10 from Judge Mendez to the undersigned and from Magistrate Judge Moulds to Magistrate Judge
11 Hollows. Henceforth, the caption on documents filed in the reassigned case shall be shown as:
12 CIV S-11-0897 KJM-GGH.

13 It is further ORDERED that the Clerk of the Court make appropriate adjustment
14 in the assignment of civil cases to compensate for this reassignment.

15 IT IS SO ORDERED.
16 DATED: May 10, 2011.

_____
UNITED STATES DISTRICT JUDGE